# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-cv-23737-JLK

ZELLAIRE LEE, et. al,

    Plaintiffs,

v.

MIAMI-DADE COUNTY, et. al.,

    Defendants.

_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon Miami-Dade County's Motion for Summary Judgment and Incorporated Memorandum of Law (DE 77) filed on March 6, 2017. The Court is fully advised on the matter.[1] Upon review of the record and careful consideration, the Court finds that Defendant's Motion for Summary Judgment should be denied.

## BACKGROUND

This is a civil rights case on behalf of Plaintiffs Zellaire Lee ("Zellaire"), Jeremiah Johnson ("Jeremiah"), and Joshua Johnson ("Joshua"). The Plaintiffs' bring a sixteen-count Complaint against Defendants Miami-Dade County (the "County"), Officer Brad Carter ("Carter"), Officer Alicia Lester ("Lester"), Officer Ernesto Rodriguez

---

[1] Plaintiffs filed their Response in Opposition (DE 85) on April 3, 2017, and Defendant filed its Reply in Support (DE 89) on April 10, 2017.

("Rodriguez"), and Officer Della Oros ("Oros"), alleging claims for violation of civil rights under 42 U.S.C. § 1983, and common law tort claims for battery and false arrest.

Calvin Lee ("Calvin"), Grace Lee,[2] Zellaire Lee, Calvinesha, Joshua Johnson, and Jeremiah Johnson were at home on October 28, 2011. Grace Lee was being disrespectful towards her mother, Zellaire Lee and her father, Calvin Lee called the police to have her removed from their house. Officer Brad Carter and Officer Alexis Marrero were dispatched to their home to investigate the alleged domestic dispute. After arriving at the home, Officers Carter and Marrero heard a commotion inside the home and proceeded to enter the home. Inside the home, an argument was ongoing between Grace Lee and Zellaire. Shortly after entering the house, the officers witnessed Calvinesha Lee attack her sister, Grace Lee. Officer Carter grabbed Calvinesha, pinned her to the ground, and proceeded to handcuff Calvinesha, put her in the back seat of a police car, and place her under arrest.

Officer Ernesto Rodriguez arrived at the scene while Calvinesha was being placed into the police car. Outside the home, Officers Carter and Marrero became engaged in a loud verbal dispute with Jeremiah and Joshua. Officers Carter and Rodriguez proceeded to wrestle with Jeremiah while he was on the ground, handcuff him, place him under arrest, and put him into a patrol car.

---

[2] Calvin Lee and Grace Lee are not parties to this action.

While Officers Carter and Rodriquez were arresting Jeremiah, Officers Alicia Lester and Della Oros arrived on the scene. Officer Lester immediately ran toward Joshua and Zellaire and began shouting instructions at them in an effort to subdue Joshua. Officer Lester ultimately handcuffed Zellaire and placed her under arrest, and then Officers Lester and Oros together handcuffed Joshua and placed him under arrest.

Miami-Dade County moves for Summary Judgement on Plaintiffs' state law battery and false arrest claims (Counts IX, XI-XIII, XV, and XVI) arguing that the officers acted well beyond the scope of their employment, maliciously, willfully, and in bad faith.

## LEGAL STANDARD

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). If the record as a whole could not lead a rational fact-finder to find for the nonmoving party, there is no genuine issue of fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

On a motion for summary judgment, the Court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Williamson Oil Co., Inc. v. Philip Morris USA*, 346 F.3d 1287, 1298 (11th Cir. 2003). A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Kesinger v. Herrington*, 381 F. 3d 1243, 1247 (11th Cir. 2004). However, the Court may not undertake the jury's function of weighing the evidence properly offered by the parties in reviewing the record evidence. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) ("Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

## DISCUSSION

Miami-Dade County moves for summary judgment on the basis of sovereign immunity. The County argues that the Plaintiffs' respective testimony describing unlawful and malicious arrests, tasings, and beatings entitle the County to summary judgment on the Plaintiffs' state law battery and false arrest claims.

Sovereign immunity provides immunity from suit—not just from liability—and it therefore "is a threshold issue that [the Court] must decide before requiring a [county] and its officers to answer a complaint against them." *Seminole Tribe of Florida v. Florida Dept. of Revenue*, 750 F.3d 1238, 1242 (11th Cir. 2014). Pursuant to Florida Statute section 768.28(9)(a), "the state or its subdivisions shall not be liable in tort for the

acts or omissions of an officer, employee, or agent . . . committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a). Accordingly, Florida courts have routinely held that a governmental entity is immune from suit where its employee's actions were alleged to be malicious, in bad faith, or showed reckless and wanton disregard for human rights, safety, or property. *City of Fort Lauderdale v. Todaro*, 632 So. 2d 655, 656-58 (Fla. 4th DCA 1994). Moreover, "The question of whether an act was committed with malicious purpose, bad faith, or with wanton and willful disregard is not a question that must be submitted to a jury, but rather, can be decided by the Court depending on the facts. *Blue v. Miami-Dade County*, No. 10-23599-CIV, 2011 WL 2447699, at *2 (S.D. Fla. 2011). Based on these facts, the Defendant has failed to show that the officers' actions could *only* have been done in bad faith or with malice. As such, the Court finds that summary judgment is not proper.

The record reflects that on October 28, 2011, Officers Carter and Marrero responded to a 911 call regarding a domestic violence dispute at the Plaintiffs' residence. Officer Carter testified that upon arriving to the residence, Calvin Lee greeted the officers outside the Plaintiffs' house and advised the officers that "his daughter is out of control" and that "they need to take her away." Carter Dep. 43:7. Thereafter, the officers heard a commotion inside the house and went inside to investigate. Inside the house, the officers witnessed Calvinesha Lee lounge out and attack her sister, Grace Lee. Carter Dep. 48:7.

5

In short time, the situation appears to have escalated. Officer Carter testified that "it was a very chaotic scene." Carter Dep. 59:9. He further testified that "the officer safety was horrible," that he and his partner "were severely outnumbered. It was close corners and [he] feared for [himself] and [his] partner." Carter Dep. 59:10-12. Given the severity of the situation, among other officers, Officer Alicia Lester was called to provide emergency back-up support. Officer Lester testified that upon arriving to the scene, "there was so many people [gathering outside the residence that she] couldn't drive all the way up to where they were, so I had to park a few houses down on the grass" and "just ran towards the officers." Lester Dep. 38:22-39:3.

Given the foregoing, the Court finds that the incidents at issue took place under volatile circumstances. The officers were not conducting routine patrol in the Plaintiffs' neighborhood; they arrived at the Plaintiffs' residence in response to a call placed by Calvin Lee. Zellaire Lee was fighting with her daughter, Grace Lee, and Calvin Lee called the police for help to get the situation under control. Upon arriving to the residence, the responding officers were severely outnumbered. After the officers placed Calvinesha Lee under arrest, Calvinesha's brothers Joshua and Jeremiah became very upset and hostile with the officers. The scene quickly became very chaotic both inside and outside of the Plaintiffs' home, and the officers testified that they feared for their safety. Based on the above, the Court concludes that a reasonable jury could determine that the officers' actions were committed without bad faith, malice, or willful and wanton

disregard for Plaintiffs' rights and safety, and that as a result of the circumstances that unfolded on the day in question, that the officers could have been acting within the scope of their employment.

## CONCLUSION

Accordingly, for the foregoing reasons, and the Court being otherwise fully advised, it is hereby **ORDERED, ADJUDGED, and DECREED** that Defendant's Motion for Summary Judgment **(DE 77)** be, and the same is, hereby **DENIED**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida this 25th day of July, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc: All Counsel of Record